

| | |
|---|---|
| PAUL J. FISHMAN<br>United States Attorney<br><br>JASON M. RICHARDSON<br>Assistant U.S. Attorney<br><br>ALYSON M. OSWALD<br>Assistant U.S. Attorney | **U.S. Department of Justice**<br><br>*United States Attorney*<br>*District of New Jersey*<br>CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE   856/757-5026<br>401 Market Street, 4th Floor                           Fax: 856/968-4917<br>Post Office Box 2098                              Direct Dial: 856/757-5121<br>Camden, New Jersey 08101<br><br>Oswald-Richardson/PL AGR<br>USAO2010R01411 |

April 24, 2013   11-706-1

Robert M. Gamburg, Esq.
121 S. Broad Street, Suite 1030
Philadelphia PA   19107

      Re: <u>Plea Agreement with Jamal Reid, a/k/a "Mal"</u>

Dear Mr. Gamburg:

    This letter sets forth the plea agreement between your client, Jamal Reid, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept guilty pleas from Jamal Reid to <u>Counts 1 and 2</u> of a Superseding Indictment (Crim. No. 11-706 (NLH)): <u>Count 1</u> charges conspiracy to distribute one kilogram or more of heroin, a Schedule I narcotic drug controlled substance, contrary to 21 U.S.C. § 841(a)(1)(A) and (b)(1)(A), in violation of 21 U.S.C. § 846; <u>Count 2</u> charges knowing possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2. If Jamal Reid enters guilty pleas and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jamal Reid for his role in conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and cocaine, a Schedule II narcotic drug controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846, between May 2009 and May 2010, and possession of firearms on May 15, 2010. However, in the event that guilty pleas in this matter are not entered for any reason or the judgment of conviction entered as a result of these guilty pleas does not remain in full force

and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jamal Reid may be commenced against him, notwithstanding the expiration of the limitations period after Jamal Reid signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 charged in Count 1, to which Jamal Reid agrees to plead guilty, carries a statutory maximum prison sentence of life, a statutory minimum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $10,000,000 or (2) twice the gross profits or other proceeds to Jamal Reid.

The violation of 18 U.S.C. §§ 922(g)(1) and 2 charged in Count 2, to which Jamal Reid agrees to plead guilty, carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jamal Reid is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jamal Reid ultimately will receive.

Further, in addition to imposing any other penalty on Jamal Reid, the sentencing judge: (1) will order Jamal Reid to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Jamal Reid to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may deny Jamal Reid certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (4) pursuant to 21 U.S.C. § 841, must require Jamal Reid to serve a term of supervised release of at least five years on Count 1, and pursuant to 18 U.S.C. § 3583, may require Jamal Reid to serve a term of not more than three years on Count 2, which will begin at

the expiration of any term of imprisonment imposed. Should Jamal Reid be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jamal Reid may be sentenced to not more than five years imprisonment on <u>Count 1</u>, and not more than two years imprisonment on <u>Count 2</u>, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jamal Reid by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jamal Reid's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Jamal Reid agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jamal Reid from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-

sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jamal Reid waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Jamal Reid consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in: (1) one Ruger revolver, .357 magnum caliber, model Security Six, bearing serial number 15936407, with 6 rounds of ammunition; (2) one Jiminez Arms 9mm semi-automatic handgun, model JA Nine, serial number 074678, with 7 rounds of ammunition; and (3) one Ruger 9mm semi-automatic handgun, model P95DC, serial number obliterated, with 10 rounds of ammunition, which were recovered at the time of his arrest on May 15, 2010; (4) one EXC Dist. Outdoor sports semi-automatic 12-gauge shotgun, serial number S0609; (5) one Model 59/66 7.62 SKS-style rifle, serial number 500627; and (6) one black, high-capacity magazine with 16 rounds of ammunition, which were recovered during the execution of the search warrant on Unit B-157 of the Extra Space Storage Facility located at 6730 Delilah Road, Egg Harbor Township, New Jersey, on May 15, 2010; (7) one .22 caliber High Standard revolver, model Sentinel Imperial, serial number obliterated; (8) one 9mm caliber Glock pistol, model 26, serial number FWF677; and (9) one .357 caliber Magnum Research pistol, model Desert Eagle, serial number MR008044, which were recovered from the residence on Aberdale Lane in Sicklerville, New Jersey.

Jamal Reid waives all challenges of any kind to the forfeiture and abandonment of the firearms and ammunition by federal, state, and/or local law enforcement. Jamal Reid further waives any additional notice requirement in connection with the forfeiture and abandonment of the firearms and ammunition and consents to the destruction of the forfeited and abandoned firearms and ammunition at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jamal Reid. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Jamal Reid.

No Other Promises

This agreement constitutes the plea agreement between Jamal Reid and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                              Very truly yours,

                              PAUL J. FISHMAN
                              United States Attorney

                              By: /JASON M. RICHARDSON
                              ALYSON M. OSWALD
                              Assistant U.S. Attorneys

APPROVED:

_____
R. STEPHEN STIGALL
Assistant U.S. Attorney
Attorney-In-Charge, Camden Office

       I have received this letter from my attorney, Robert M. Gamburg, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

X _____         Date: 5/13/12
Jamal Reid

       I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and immigration

- 6 -

consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 5/13/13
Robert M. Gamburg, Esq.

## Plea Agreement With Jamal Reid

### Schedule A

1. This Office and Jamal Reid recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jamal Reid nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.

### Count 1 - Drug Distribution

3. The parties agree that the quantity of heroin for which Jamal Reid is responsible is at least 1 kilogram but less than 3 kilograms of heroin. Accordingly, the applicable guideline is U.S.S.G. § 2D1.1, and the Base Offense Level is 32. See U.S.S.G. § 2D1.1(c)(4).

4. Because Jamal Reid possessed a firearm, Specific Offense Characteristic § 2D1.1(b)(1) applies, which results in a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).

5. Jamal Reid was an organizer or leader of a criminal activity that involved five or more participants, and thus a four-level increase is warranted pursuant to U.S.S.G. § 3B1.1(a).

6. The parties have not reached a conclusion about the applicability of U.S.S.G. § 4B1.1.

7. In accordance with the above, the parties agree that: (a) if the Court finds that U.S.S.G. § 4B1.1 does not apply, the total Guidelines offense level applicable to Jamal Reid for Count 1 is 38; and (b) if the Court finds that U.S.S.G. § 4B1.1 applies, the total Guidelines offense level applicable to Jamal Reid for Count 1 remains 38, pursuant to U.S.S.G. § 4B1.1(b) (collectively, "the agreed total Guidelines offense level for Count 1").

### Count 2 - Possession of a Firearm by a Convicted Felon

8. The applicable guideline is U.S.S.G. § 2K2.1.

9. The base offense level is at least 20 because Jamal Reid was convicted of at least one felony conviction for either a

crime of violence or a controlled substance offense (the January 27, 2006 Manufacture and Distribution of CDS), and may be a 24 if the Court finds that Jamal Reid's September 22, 2006 sentencing and conviction for Attempting to Elude Police - 2nd degree was a crime of violence. See U.S.S.G. § 2K2.1(a)(2).

   10. Because the Ruger 9mm semi-automatic handgun, model P95DC, had an obliterated serial number, the base offense level is increased by four levels. See U.S.S.G. § 2K2.1(b)(4)(3).

   11. Therefore, the adjusted offense level for Count 2 is either 24 or 28.

Combined Offense Level for the Offenses

   12. Under U.S.S.G. § 3D1.2(c) and (d), Counts 1 and 2 group because a specific offense characteristic in the applicable guideline for Count 1 embodies conduct in Count 2. Therefore, the two Counts are grouped together into a single group.

   13. Accordingly, the adjusted guidelines offense level for both Counts is 38. See supra ¶ 7; U.S.S.G. § 3D1.3(b).

All Counts

   14. As of the date of this letter, Jamal Reid has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jamal Reid's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

   15. As of the date of this letter, Jamal Reid has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Jamal Reid's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jamal Reid enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Jamal Reid's acceptance of responsibility has continued through the date of sentencing and Jamal Reid therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jamal

Reid's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jamal Reid is 35 (the "agreed total Guidelines offense level").

17. The parties agree not to seek or argue for any upward or downward departure (at Step II), adjustment or variance not set forth herein. However, Jamal Reid reserves the right to move for a reduced sentence pursuant to the relevant factors outlined in 18 U.S.C. § 3553(a)(1) and (2). This Office reserves the right to oppose any such application.

18. Jamal Reid knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 35. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 35. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

19. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.